THE ILLINOIS MUTUAL FIRE INSURANCE COMPANY, Plaintiff in Error, *v.* THE CITY OF PEORIA, Defendant in Error.

ERROR TO PEORIA.

The Illinois Mutual Fire Insurance Company is bound, like any other company, to pay a license for doing business.

THIS agreed case shows, that on the 23rd day of February, 1839, the General Assembly of the State of Illinois passed an act, entitled " An Act to incorporate the Illinois Mutual Fire Insurance Company ; " and on the fifth day of March, 1843, the General Assembly passed an act, entitled " An Act to amend an act entitled 'An Act to incorporate the Illinois Mutual Insurance Company,' " approved February 23, 1839. On the 13th day of February, A. D. 1847, the said General Assembly passed an act, entitled " An Act to amend the act entitled 'An Act to incorporate the Illinois Mutual Fire Insurance Company,' " approved February 23, 1839. And on the 13th day of February, 1855, the said General Assembly passed an act, entitled " An Act to extend the charter of the Illinois Mutual Fire Insurance Company," approved February 23, 1839. All of which acts are filed herewith, and made part of this agreement.

That the said company, immediately after the passage of the said act of 23rd February, 1839, was in due form of law organized, and has continued to act as such company under its charter, and the amendments aforesaid, thence hitherto until the present time, taking risks and issuing policies of insurance, by itself and agents in various portions of the State of Illinois, during all that time ; and that on the 20th day of July, 1861, the said defendant, through its agent, John M. Cyrus, (having previously thereto established an agency for insurance purposes, and doing business as an insurance company under its said charter, in the city of Peoria,) did issue a policy of insurance in said city, under its said charter, to one Melchier Mussli, and did execute and deliver the same to him, upon some property and real estate, situated within the city

of Peoria; and that neither the defendant nor said Cyrus had at that time, or since, any license from the city of Peoria, authorizing said Cyrus or the defendant to issue such policy, or to do business as an insurance company in said city.

It is further agreed, that on the 12th day of February, 1855, the General Assembly of the State of Illinois passed an act, entitled "An Act to amend an act entitled 'An Act to incorporate the city of Peoria,'" in force December 3, 1844, and the several acts amendatory thereto. The twentieth section of the said act is as follows: "The city council of said city shall have exclusive power to license, tax and regulate within said city, all insurance companies and their agencies doing business in said city, and to compel said companies or their agents to take out such licenses and pay such taxes."

It is further agreed, that on the 18th October, 1856, the city council of the city of Peoria, in due form, passed and published an ordinance, which is provided for licensing insurance companies.

It is further agreed, that upon the foregoing statement of facts, and the law arising thereon, this cause shall be submitted to the Circuit Court for trial, to be decided at any time hereafter when said court shall be in session, and that if upon the law and the facts, the court shall be of opinion that the defendant is bound to pay a license or tax to the plaintiff for the privilege of establishing an agency, or effecting insurances within said city of Peoria, then judgment shall be entered for the plaintiff for the sum of one hundred dollars. Otherwise judgment shall be entered in favor of the defendant. It is further agreed, that either party may appeal or prosecute a writ of error to the Supreme Court, from the decision of said Circuit Court, as in other cases.

The grant of the franchise is upon the mutual insurance principal, each person insuring in the company for the time being, becoming a member of the company, etc.

The sixth section provides that, "The directors shall extend the insurance of said company to every part of this State, on all real and personal property within the same," etc.

The city of Peoria assumes the right to tax the defendants'

franchise under and by authority of the twentieth section of the amendment of the city charter, approved February 12, 1855, which is as follows : "The city council of said city.shall have exclusive power to tax, license and regulate within said city, all insurance companies and their agencies doing business in said city, and to compel said companies, or their agents, to take out such licenses, and pay such taxes." And by virtue of the seventh and eleventh sections of an ordinance of said city, passed October 18, 1856, pursuant to the provisions of said section of said act; which sections provide for licensing and taxing insurance agencies, and impose a fine of from $25 to $100, for a violation of the same.

The court, after examining the case, gave judgment for the plaintiff for $100.

The errors assigned, are, Rendering judgment in favor of the plaintiff, and against defendant, and in not dismissing the suit at the cost of the plaintiff.

N. H. PURPLE, for Plaintiff in Error.

The General Assembly having granted to the defendant its franchise in 1839, cannot subsequently prohibit its exercise directly by repeal of the charter, nor indirectly by imposing a license as a condition precedent to the exercise of the franchise.

This is not a tax, within the meaning of the constitution. It is not a tax on property, but a license merely, to exercise a right already granted without restriction or limitation.

The act of incorporation of the defendant makes it obligatory on the defendant to extend its business and agencies to all parts of the State. The General Assembly subsequently say, this shall not be done in cities, unless the company will pay a license of $100.

A tax upon the stock or property of a corporation might be legal. The General Assembly is presumed not to surrender its right to tax property.

But the imposition of a tax or license like this, is a blow aimed at the franchise itself—and the assumption of a power to destroy it.   4 Peters, 514 ; 6 Howard, 507.

MANNING & McCULLOCH, for Defendant in Error.

There is nothing in the charter of the company, which exempts property from taxation, or which precludes the legislature from passing laws for its government. The company becomes a person in law. As such, it was subject not only to taxes, but to all impositions and municipal regulations, which might be made to govern other persons in like business and conditions.

In any such case the term of exemption must be clear and explicit. *Bank* v. *The People*, 3 Scam. 303. These powers are never presumed to be waived. 4 Peters, 514; 6 How. 507.

The case of *The People, etc.*, v. *Thurber*, 13 Ill. 554, is in point, so far as concerns the question of the constitutionality of such laws.

CATON, C. J. We are entirely unable to appreciate the least force in the objections raised to the imposition here complained of. The case of *The People* v. *Thurber*, 13 Ill. 554, settles the right of the legislature to authorize the city to require this license to be taken out, unless there is something in the charter of the company exempting them from such a burthen. The only pretense for this, which could be found in the charter is the clause, "The directors shall extend the insurance of said company to every part of this State on all real and personal property within the same." To carry out this provision of the charter, it is said that it was necessary that an agency should be established in Peoria and the other principal cities and towns in the State. Well, what of it? We cannot see how this should exempt the company, its property or agents, from liability to taxation or burthens any more than if such agency were not required. It might as well insist that its office and furniture are exempt from taxation, as that its agent should be exempt from paying for a license. This license money is in the nature of a tax, and is so designated by the constitution which expressly authorizes this tax to be imposed upon all who exercise a franchise. But if this charter imposes upon the company the obligation to establish

agencies throughout the State, it is a very imperfect obligation which the courts would have difficulty in enforcing.   If it is not left to the discretion of the company where to establish agencies, who shall fix the limit and say how large a town shall be, in order to require the company to establish an agency there ?

The judgment must be affirmed.

*Judgment affirmed.*