# EDWIN S. WALKER

## *v.*

## THE CITY OF SPRINGFIELD.

1. MUNICIPAL CORPORATION—*power to charge license fee on foreign insurance companies transacting business in city.* Where a city by its charter is specially authorized to regulate agencies of all insurance companies, and to license and regulate agents of all such insurance companies doing business within the city, an ordinance of such city that all corporations, companies or associations not incorporated under the laws of this State, engaged in the city in effecting life or fire insurance, shall pay to the city treasurer the sum of two dollars upon the one hundred dollars, and at that rate upon the amount of all premiums, during the half year ending on the first days of January and July, which shall be received or agreed to be paid for insurances effected in the city, which rates, when collected, shall be set apart for the support and maintenance of the fire department of the city, and requiring every acting agent of such corporations, etc., on or before the 15th day of February, 1875, and on the 15th days of January and July thereafter, to render a full, true and just account, verified by his oath, of all premiums received or agreed to be paid during the half year ending on such days, and to pay to the treasurer of the city the amount with which such company shall be so chargeable under the ordinance, and fixing a penalty of $200, enforcible by fine and imprisonment on the agent, for a failure to make such report, or to pay the sum due at the proper time, is valid and binding, and is not in conflict with the proviso of sec. 30 of the Insurance law of the State or with any constitutional provision.

2. FOREIGN INSURANCE COMPANIES—*limitation upon power of city to tax agencies.* Independent of the proviso of section 30 of the Insurance law there would be no limit to the power of the city to impose fees for a license on insurance companies, unless it might be that the ordinance imposing the same should be reasonable. But this section operates as a limitation on the power of the city to impose more than two per cent on the gross receipts of the agents of such companies.

3. SAME—*the legislature may impose such burthens on them as it pleases for the privilege of doing business in this State.* Foreign corporations are only permitted to do business in this State by comity or consent, express or implied. The legislature has the right to impose such burthens, terms and conditions as it chooses on such bodies before they can do business in the State, or may prohibit them therefrom altogether.

4. SAME—*license fee is not a tax.* The provision of section 30 of the Insurance law requiring that the net income of insurance companies shall be returned to the assessor for general taxation at the same rate as other prop-

erty, to be in lieu of all town and municipal licenses, and the proviso that the provisions of the section shall not be construed to prohibit cities, having an organized fire department, from levying a tax or license fee not exceeding two per cent on their gross receipts, to be applied exclusively to the support of the fire department, do not subject such companies to double taxation. The sum that may be charged by the cities is in no just sense a tax, but only a fee paid for a license or privilege of transacting business within such cities.

5. SAME—*license fee may be by percentage on business done.* The fact that a certain percentage on the amount of the gross receipts is required to be paid instead of a gross sum, for the privilege of carrying on business in a city, does not render it a tax; but this is only an equitable mode of ascertaining the amount of the license fee, and the fact that no permit or license is required to be issued does not affect the question.

6. STATUTE—*rule for construing where a word has to be rejected.* Where it becomes necessary to reject one of two words in a statute and to substitute another to give force to the meaning of the law, it should be that which best effectuates the legislative intention, and the courts should look to the object in view of the law-makers.

7. CONSTITUTIONAL LAW—*uniformity of taxation.* A license fee upon foreign corporations doing business in this State, or upon their agents, not being a tax, a law authorizing its collection does not violate the constitutional provision respecting uniformity in taxation, and such corporations may be required to pay a tax in addition to the license fee.

8. SAME—*whether law operates with uniformity.* Even if the latter clause of section 1, article 9 of the constitution of 1870, in regard to taxing peddlers, etc., in such manner as the General Assembly shall, from time to time, direct by general law, uniform upon the class upon which it operates, related to taxation and not to license fees, still section 30 of the Insurance law does not conflict with such clause, as the provisions of that section operate uniformly on the class to which it applies. It only applies to cities that maintain a fire department, and it applies to all under the same circumstances, making no exceptions.

APPEAL from the Appellate Court for the Third District.

This was an action by the City of Springfield against Edwin S. Walker, in the Sangamon circuit court, to recover a penalty for the violation of an ordinance of the city.

Messrs. STUART, EDWARDS & BROWN, for the appellant:

By sec. 30, ch. 73, R. S. 1874, p. 603, every agent of foreign insurance companies is required to report to the proper

officer of the county, town, etc., in which the agency is established, in the month of *May*, annually, the amount of net receipts of such agency, which shall be entered on the tax books and be subject to the same rate of taxation for all purposes as other property; said tax to be in lieu of all town and municipal licenses.

But the section has this proviso : "That the provisions of this section shall not be construed to prohibit cities having an organized fire department from levying a tax or license fee not exceeding two per cent in accordance with their respective charters, on said gross receipts, to be applied exclusively to the support of the fire department of such city."

By this section the company pays on its property as other property owners, and if the ordinance is valid a further sum of two per cent on the same property can be exacted, and thus double taxation is enforced.

The phrase, "said gross receipts," as applied to receipts, in the section, is repugnant to the previous phraseology, "amount of the net receipts," etc. Whether, however, the tax is upon the net or gross receipts, it is to be on *said* receipts, and is to be on the amount reported in the month of May. The ordinance requires two returns to be made, viz : in January and July, and the penalty is for not making the returns on those days. The proviso does not authorize the cities to require returns on any other day than in May.

It was decided, in *Van Inwagen* v. *Chicago*, 61 Ill. 31, that the provisions as to the time of return and the differences as to gross and net returns, make the repugnancy. Section 30 operates to repeal the express provision in the charter of the city of Chicago.

The power to impose this tax or license fee is not conferred by the proviso, because it is unconstitutional. The constitution authorizes the taxation of insurance *business*, but this can only be done by a general law uniform as to the class on which it operates.

Mr. CHARLES P. KANE, and Mr. ROBERT HAZLETT, foɪ the appellee:

If the authority to pass the ordinance is clear, considerations of equity will not justify the court in declaring it void from the fact that State and municipal authorities may have the additional right to tax the net receipts of the same agencies for other purposes. *Peoria* v. *Calhoun,* 29 Ill. 317; 1 Dill. Mun. Cor. sec. 262.

Section 1, article 9 of the constitution of 1870, has no reference to taxation by cities, etc., for municipal purposes, but is intended to govern the taxing power of the State for State purposes. The license fee, imposed by the ordinance, is not the imposition of a tax.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This record presents the single question, whether an ordinance of the city imposing a license or tax of two per cent on the premiums received, or contracted to be received, on all foreign insurance companies doing business in the city, is valid, and legally authorized. The charter is special, and contains this provision:

" The city council shall have power, within the jurisdiction of the city, by ordinance, to license, tax and regulate merchants, commission merchants, inn keepers, bankers, money brokers, insurance brokers, and auctioneers," etc. Also, by section 5 of the amendment to the charter of 1859 it is provided: " That in addition to the powers conferred by the charter of said city the city council shall have power, within the jurisdiction of said city, by ordinance, first, to regulate agencies of all insurance companies, and to license, tax and regulate agents of all such insurance companies doing business in said city," etc. Private Laws p. 269.

The ordinance adopted under these provisions, of which complaint is made, provides that all corporations, companies or associations not incorporated under the laws of this State,

engaged in the city in effecting life or fire insurance, shall pay to the city treasurer the sum of $2 upon the $100, and at that rate upon the amount of all premiums during the half year ending on the first days of January and July, which shall be received or agreed to be paid for insurance effected in the city, which rates, when collected, shall be set apart for the support and maintenance of the fire department of the city; that every acting agent of such incorporations, etc., shall, on or before the 15th day of February, 1875, and on the 15th days of January and July thereafter, render to the city comptroller a full, true and just account, verified by his oath, of all premiums which, during the half year ending on such days preceding such report, shall have been received for premiums, or which have been agreed to be paid for or on behalf of such corporation, etc. And such agent shall pay to the city treasurer the amount with which such company shall be so chargeable under the ordinance; and if such agent shall fail, as required by the ordinance, to make such report, or, if the sum shall remain unpaid after the date it is required to be paid, the agent is rendered liable to a penalty of $200, which may be enforced by fine or imprisonment, by suit, etc.

A suit was brought before a justice of the peace against appellant, to recover the penalty for refusing to make the report and pay the percentage on policies, as required by the ordinance. The justice of the peace rendered a judgment in favor of the city for $200 and costs. Defendant perfected an appeal to the circuit court, where, on a trial *de novo*, a like judgment was rendered. Defendant appealed from that judgment to the Appellate Court, where the judgment of the circuit court was affirmed, and the case comes to this court on appeal, by a certificate under the statute by a majority of the judges of that court, and a reversal is asked.

It is urged that the 30th section of chapter 73, Rev. Stat. 1874, controls this power of charging a license fee to foreign insurance companies; that it is repugnant to and repeals the provisions of the charter authorizing a tax or fee for a

license. It provides that their net income shall be returned to the assessor for general taxation, and at the same rate as other property, and to be in lieu of all town and municipal licenses; and it repeals all laws inconsistent therewith. But it contains this proviso:

" That the provisions of this section shall not be construed to prohibit cities having an organized fire department from levying a tax or license fee, not exceeding two per cent, in accordance with the provisions of their respective charters, on said gross receipts, to be applied exclusively to the support of the fire department of such city."

Independent of this provision of the Insurance law, there would be no limit to the power of the city to impose fees for a license on insurance companies, unless it might be the ordinance imposing the same should be reasonable, but that question is not before us for discussion. But this section operates as a limitation on the power of the city to impose more than two per cent on the receipts of their agents.

It is urged that as this section requires all such companies to make a net return of their receipts for taxation, in the same manner and at the same rate that other personal property is subject, that if this two per cent is allowed to be collected it would be double taxation. We fail to see that such is the fact. A person who for a large sum procures a license to sell liquors, and also pays a tax on his stock of liquors and furniture, is not doubly taxed. He pays for the privilege of carrying on his business, and then pays a tax on his property. So of a person keeping a billiard saloon, an auctioneer, a peddler, and many other callings. The mere fact that they pay a tax on the property invested in the business does not exempt them from procuring a license and paying for the privilege of pursuing the particular business. Foreign corporations are only permitted to do business in this State by comity or consent expressed or implied. The General Assembly has the power to impose such burthens, terms or conditions as it may choose on such bodies before they can

24—94 ILL.

do any business in the State, or may prohibit them therefrom altogether.   It is the sole judge of whether or not they may do business in the State, and, if permitted, to prescribe the terms. The legislature, by this charter and the 30th section of the Insurance law, has in this respect imposed the conditions on which they may effect insurance in cities acting under charters and maintaining a fire department.   The two per cent on the receipts of these companies is fixed as the maximum of the fee or charge authorized to be received for a license to transact business in the city.   And this is not a tax, nor is it in the nature of a tax.   It is the fee or sum paid for a license, It is only a mode of ascertaining the amount of the fee.   The city could have fixed it at a gross sum if that sum had not exceeded the two per cent on receipts; or it may be that a fee or specified sum might have been charged on each policy, under the same limitations.   In this class of business no one can say, with any degree of certainty, what will be the extent of the business transacted for any succeeding year or half year, and hence a uniform fee would operate unequally on the different companies, as their business would not be uniform as compared with each other, or even in the same companies for different periods.   Hence, ascertaining the amount of business done for each six months, and the fee thus paid, was regarded as more equal and just than to fix a uniform fee for the license.

This is the mode adopted by the 110th section of the general law incorporating "cities, villages and towns."   And this ordinance is in this respect in strict conformity to that section, and thus pursues the legislative expression of what is fair, equal and just in such cases.   We are, therefore, clearly of opinion that this section does not deprive the city of the power to charge this fee for a license, but, on the contrary, secures to it that right, within the limits that the charge, fee or sum shall not exceed the amount of two per cent on the receipts of such companies.

It is also claimed that, as such companies are only required

to return the net receipts of their agency, the words, "said gross receipts," as used in the proviso in the 30th section of the Insurance law, should be read, "said net receipts;" that otherwise there is nothing for the word "said" to refer to as an antecedent. If, to give the meaning of the General Assembly force, we are compelled to reject one of these words and substitute another, then it should be that which best effectuates the legislative intention. If we should reject the word "gross," and substitute the word "net," then the word "said" would refer to the net receipts mentioned in the preceding portion of the section. But suppose we reject the word "said," and substitute the word "the," then the result would be entirely different, and leave the gross receipts upon which to estimate the fee.

When we consider that the previous portion of the section was for the purpose of taxation, and the proviso for the purpose of fixing a maximum fee for a license, it is apparent that the two provisions have no necessary connection. They relate to different and dissimilar purposes. The proviso, to effectuate its object, might have said such fees should not exceed $100, or any other sum, as the price charged, or it might have fixed a specific sum that should be paid for a license; or that body had the power to say that the fee should not exceed three, four, five or other per cent on either the net or gross receipts of the agency. This proviso seems to have been intended to limit and restrain more extensive powers granted by special charters to various cities in the State. It had no reference to taxation. We must, therefore, look, in giving a construction to this clause, to the object in view of the law-makers. We think the fair construction of the proviso requires it to be read as if written, "on the gross" receipts, etc.

The case of *Van Inwagen* v. *Chicago*, 61 Ill. 31, holds that the 30th section of the Insurance law repeals so much of the fifth section of chapter 8 of the charter of the city of Chicago as was in conflict with it; and it was held that the provisions as to the returns required to be made by the agent were re-

pugnant to each other; and it failed to appear that the city maintained a fire department, but if proof of that fact were made, it might bring the case within the saving of the proviso of section 30. This was said to exclude the inference that it was held that a case properly made would not be enforced under the proviso, and to exclude the conclusion that the levy could only be made on a return of the net receipts. The two per cent sued for in that case was on receipts which had accrued before the law of 1869 containing the 30th section took effect, and the question was, whether an assessment should be made under the provisions of the charter, or the return and assessment should. be required to be made under this 30th section; and it was held, that until the time expired for the return and the amount due the city was ascertained under the 30th section, the right was inchoate, and must be perfected and become vested in the manner prescribed by the Insurance law, and not by the provisions of the city charter. The question was not before the court, whether the amount should be determined on the net or gross receipts, and, consequently, was not intended to be decided. That question was not considered by this court in that case. Here, the ordinance is in strict compliance with that section, and the amount is required to be fixed under the proviso, and is, therefore, in conformity to the law.

It is, however, urged that this is a tax, and being such, the law authorizing its imposition is repugnant to our present constitution. In the case of *The People* v. *Thurber,* 13 Ill. 554, the same question was before the court, and it was held not to be a tax, but a sum paid by foreign insurance companies for a license or privilege of doing an insurance business in the State. It was said: "This is not a tax upon property, but is a burden upon the agent for the right of exercising a franchise or privilege, which the legislature would have the right to withhold or inhibit altogether, and the amount of premiums charged is merely used as a mode of computing the amount to be paid for the exercise of a privilege. The legis-

lature might have adopted that as a mode of computing the amount of the value of the property insured, and in that event it could hardly be said to be a tax on that property; or the mode of computation might have been the number of policies issued or risks taken, without regard to the premiums charged —and then what would the tax have been upon? It will be observed that the law in question only applies to agents of foreign insurance companies; and it would be strange, indeed, if the legislature had not the power to prescribe the terms upon which foreign corporations should be permitted to come into this State and carry on their business, or even to prohibit them altogether."

In that case, as in this, it was urged that the authority to levy three per cent on the amount of the premiums charged by the agent violated the constitutional rule of uniformity in . taxation. But it was held not to be a tax, but a sum paid for a license to transact the business of these foreign corporations in the State; that it was a license, although no written permit or license was required to be issued. And it was held, as it was not a tax, that the law in nowise infringed the constitution. To the same effect is the case of *Illinois Mutual Fire Insurance Co.* v. *City of Peoria*, 29 Ill. 180. And the case of *East St. Louis* v. *Wehrung*, 46 Ill. 392, holds that the sum paid for a license is not a tax, and is not subject to the rule of uniformity. The same doctrine was held in the case of *Ducat* v. *The City of Chicago*, 48 Ill. 172. These cases, we think, fully settle the doctrine that this burthen is not a tax, and is not governed by the rules of taxation.

But it is said these cases all arose under the constitution of 1848, and that the first section of article nine of our present constitution has changed the rule. The two sections are substantially the same. The second section of article nine of the constitution of 1848 provides for levying a tax by valuation, and so does that of 1870. The former authorizes the General Assembly to tax peddlers, etc., and persons exercising franchises and privileges, in such manner as they shall from time

to time direct. That of 1870 has the same provision, expressed in this manner: "But the General Assembly shall have power to tax peddlers, insurance business, * * * persons or corporations owning or using franchises and privileges, in such manner as it shall from time to time direct, by general law, uniform as to the class upon which it operates." Thus it is seen, even as to taxation, the two organic laws are substantially the same. But we have seen this burthen is not a tax, and the first section only relates to taxes.

But even if it did, the 30th section of the insurance law is general, and operates uniformly on the class to which it applies. It only applies to cities that maintain a fire department. And it undeniably applies uniformly to all, making no exceptions in favor of or against any one of them.

Nor does the ninth section of article nine conflict with this law. That section only relates to special or uniform taxation for corporate purposes in municipalities. It has no reference to licenses or license fees. We are, therefore, clearly of opinion that the charter, the 30th section of the Insurance law and the city ordinance are. constitutional, and conferred on the city the power to sue for and recover the penalty. This is the view presented by the case of *Hughes* v. *City of Cairo*, 92 Ill. 339. The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*