THE CITY OF CHICAGO

*v.*

FRED S. JAMES.

*Filed at Ottawa September 21, 1885.*

1.  FOREIGN INSURANCE COMPANIES—*tax or license by cities and villages—under acts of 1872 and 1879.*    Section 110 of the act 1872, in relation to cities and villages, requiring foreign insurance companies to pay to the treasurer of the city or village two dollars on the $100 of the net receipts of their agency in such city or village, is repealed by section 30 of chapter 73, passed in 1879, and no action lies against such companies or their agent under the act of 1872.

2.    The tax or license mentioned in the proviso to section 30 of chapter 73, passed in 1879, requires affirmative action by the city or village that may be entitled to it, in fixing the rate, which must not exceed two per cent of the gross instead of the net receipts of the agency.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. JULIUS S. GRINNELL, for the appellant.

Messrs. PADDOCK & ALDIS, and Mr. GEORGE C. IDE, for the appellee.

Mr. JUSTICE TUNNICLIFF delivered the opinion of the Court:

The city of Chicago, in 1875, organized under the act of 1872, in relation to the incorporation of cities, etc., (Rev. Stat. chap. 24,) and brought this action in debt, against appellee, to recover the two per cent upon the net receipts of several foreign insurance companies doing business through him, as their agent, in Chicago, as provided for in section 110 of that act.    The declaration was demurred to, and the demurrer was sustained by the circuit court, and the city electing to abide by the declaration, appealed the case to the Appellate Court

for the First District, where the judgment below was affirmed, and to reverse which it has further appealed to this court.

Said section 110 enacts, in terms, that "all corporations, companies or associations not incorporated under the laws of this State, engaged in any city in effecting fire insurance, shall pay to the treasurer the sum of two dollars upon the $100 of the net receipts by their agency in such city, and at that rate upon the amount of all premiums which, during the half year ending on every first day of July and January, shall have been received for any insurance effected or agreed to be effected in the city or village by or with such corporations, companies or associations, respectively." The section required reports to be made, on or before the 15th day of July and January of each year, of the amounts so received, and that the agents of the companies should, at the time of making the reports, pay to the city treasurer the amount of rates to which it was entitled; prohibited the companies from doing business if default was made in these payments, and authorized suit to be brought to recover the amount coming to it, in the name of the city, against the company or its agent, and contained a provision that the section should only apply to such cities and villages as have an organized fire department, or maintain some organization for the prevention of fires. The only question involved in the case is, whether this section had been repealed by the legislature prior to the bringing of this suit.

In 1879 an act was passed,—now forming section 30, of chapter 73, of the Revised Statutes,—relating to insurance, which reads as follows: "Every agent of an insurance company incorporated by the authority of any other State or government, shall return to the proper officer of the county, town or municipality in which the agency is established, in the month of May, annually, the amount of the net receipts of such agency for the preceding year, which shall be entered on the tax lists of the county, town and municipality, and

subject to the same rate of taxation, for all purposes,—State, county, town and municipal,—that other personal property is subject to at the place where located, said tax to be in lieu of all town and municipal licenses; and all laws and parts of laws inconsistent herewith are hereby repealed: *Provided*, that the provisions of this section shall not be construed to prohibit cities having an organized fire department from levying a tax or license fee, not exceeding two per cent, in accordance with the provisions of their respective charters, on the gross receipts of such agency, to be applied exclusively to the support of the fire department of such city."

That these two sections are radically inconsistent with each other is very apparent. By section 110, of chapter 24, the city was entitled to a fixed rate of two per cent of the net receipts of the agency, and upon the amount of all premiums upon all insurance effected, or agreed to be effected, during the year; but under the act of 1879 the amount of the receipts was to be entered upon the tax lists, and the rate of taxation is to be the same as other personal property, for all purposes,— State, county, town and municipal,—at the place where the company's agency was located, which, of course, would vary in different years, and might some times be more and some times less than the two per cent. The two per cent fixed by section 110 was in reality a license fee. It was so held in the case of *The People* v. *Thurber*, 13 Ill. 554, in construing sections 22 and 23, of chapter 64, of the Revised Statutes of 1845, which require foreign insurance companies to pay to the county commissioners' clerk of the several counties in which they established agencies, three per cent on the amount of premiums charged by such companies. Section 30, of chapter 73, (the act of 1879,) by requiring the amount of these receipts to be listed, and subjecting them to taxation the same as other property, made the amount to be derived therefrom a tax, and gave every county, town or municipality where

such insurance company should have an agency, the benefit of this tax, whether it had an organized fire department, or maintained an organization for the prevention of fires, or not. Section 110, of chapter 24, however, applied only to such cities and villages as did have such fire department, or maintained an organization for the prevention of fires. That said section 30 of the act of 1879 was intended to and did repeal and take the place of said section 110 of the act of 1872, is clearly manifest by the reading of section 30·itself, wherein it expressly declares that the tax directed to be levied upon the net receipts of these insurance companies as upon other personal property, is "to be in lieu of all town and municipal licenses, and all laws and parts of laws inconsistent herewith are hereby repealed." No doubt could arise as to what is referred to by "municipal licenses," when read in the light of the case of *The People* v. *Thurber, supra.* It as plainly meant the two per cent fund required to be paid to the municipalities mentioned in section 110, of chapter 24, as though it had said so in so many words. That said section 30 of the act of 1879 should be held to repeal section 110 of the act of 1872, we entertain no doubt.

The case of *Van Inwagen* v. *City of Chicago*, 61 Ill. 31, seems also to be decisive of this question. From that case it appears that section 5 of the old charter of Chicago, approved in 1863, was identical with section 110, of chapter 24, under which this suit is brought, so far as relates to the payment of the two per cent, and there, as here, an action of debt was brought to recover the amount which the two per cent rate would come to, and there, as here, it was objected against the recovery that that section of the charter was repealed by section 30 of a law concerning insurance that had been passed in 1869, which section, so far as relates to the question we are considering, is precisely the same as section 30, of chapter 73, of the act of 1879, and in that case it was held that said section 30 of the law of 1869 repealed section 5

of the charter of 1863.   This law of 1869 appears to have been afterwards repealed, and reënacted again in 1879.

The proviso contained in section 30 of the act of 1879 is not now before us for consideration, so far as plaintiff's supposed present right of action is concerned, this suit not having been brought to recover any tax or license levied under or with reference to that proviso.   It is proper to observe, however, that the tax or license mentioned in this proviso requires affirmative action by the city that may be entitled to it, in fixing the rate, which may be less, but must not exceed, two per cent, and is to be upon the *gross*, instead of the *net*, receipts of the agency, which, of itself, is so widely different from the license fee established by section 110, of chapter 24, as to repeal the latter.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*