JOHN A. KUNZ, Collector,

*v.*

THE NATIONAL FIRE INSURANCE COMPANY *et al.*

*Opinion filed November 1, 1897—Rehearing denied December 14, 1897.*

INSURANCE—*ordinance taxing foreign fire insurance companies upheld.* An ordinance passed under authority of the act to tax foreign insurance companies, (Laws of 1895, p. 104,) requiring foreign fire insurance companies to pay a tax or license fee of one per cent of their gross receipts for the maintenance and use of the city fire department, is not inconsistent with section 30 of the Insurance act, as amended in 1879, (Laws of 1879, p. 179,) and the collection of the tax cannot be enjoined. (*Walker* v. *City of Springfield*, 94 Ill. 364, and *Hartford Ins. Co.* v. *City of Peoria*, 156 id. 420, followed.)

APPEAL from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

E. H. MORRIS, (R. S. ILES, and FRANK L. SHEPARD, of counsel,) for appellant.

GEORGE L. PADDOCK, and DANIEL J. SCHUYLER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This suit was commenced in the Superior Court of Cook county by appellees, against appellant, John A. Kunz, as collector of the town of South Chicago, to enjoin the collection of a tax or license fee claimed by the collector under section 30 of the Insurance law of 1879.

The Superior Court overruled a demurrer to the bill and granted the prayer thereof, and the defendant appeals.

Section 30, *supra*, is as follows: "Every agent of any insurance company incorporated by the authority of any other State or government shall return to the proper officer of the county, town or municipality in which the agency is established, in the month of May, annually, the amount of the net receipts of such agency for the preceding year, which shall be entered on the tax lists of the county, town and municipality, and subject to the same rate of taxation for all purposes, State, county, town and municipal, that other personal property is subject to at the place where located, said tax to be in lieu of all town and municipal licenses; and all laws and parts of laws inconsistent herewith are hereby repealed: *Provided*, that the provisions of this section shall not be construed to prohibit cities having an organized fire department from levying a tax or license fee, not exceeding two per cent, in accordance with the provisions of their respective charters, on the gross receipts of such agency, to be applied exclusively to the support of the fire department of such city." (Starr & Curtis' Stat. 1896, chap. 73, p. 2225.)

Appellees contend that the above section was repealed by the act of the General Assembly passed in 1895, enabling cities having an organized fire department to collect a sum not exceeding two per cent from such companies for the exclusive benefit of the fire department. The latter act provides: "That all corporations, companies and associations not incorporated under the laws of this State, and which are engaged in any city, town or village organized under any general or special law of this State in effecting fire insurance, shall pay to the treasurer of the city, town or village, for the maintenance, use and benefit of the fire department thereof, a sum of not exceeding two per cent of the gross receipts received by their agency in such city, town, or village. Cities, towns and villages are hereby empowered to prescribe, by ordi-

nances, the amount of tax or license fee to be fixed, not in excess of the above rate, and at that rate such corporations, companies and associations shall pay upon the amount of all premiums which, during the year ending on every first day of July, shall have been received for any insurance effected or agreed to be effected in the city, town or village by or with such corporations, companies or associations, respectively," etc.   (Laws of 1895, p. 104.)

Under the act of 1895 the city council of Chicago passed an ordinance requiring foreign fire insurance companies to pay a tax or license fee of one per cent on their gross receipts for the maintenance, use and benefit of the fire department.   It seems to be claimed in the bill and the argument of counsel for appellees that the act of 1895 is so inconsistent with section 30 of chapter 73, *supra*, as that both cannot stand, and under the well known rule the later operates as a repeal of the former.   It can scarcely be seriously contended that the act of 1895 absolutely repeals that of 1873, because it is not until the city, by ordinance, adopts the later act that there is any conflict or inconsistency whatever, so that the real question must be, is the ordinance passed under the act of 1895 so far in conflict with section 30, *supra*, that the tax sought to be enjoined is unauthorized.   No objection whatever is made to that tax, except that by the action of the city in passing the ordinance set up in the bill it became illegal.

Counsel for appellees cite and rely upon the case of *City of Chicago* v. *James*, 114 Ill. 479, as sustaining their bill. In that case the court held that section 30 of chapter 73 of the act of 1879 was inconsistent with section 110 of the City and Village act of 1872, (Rev. Stat. chap. 24,) and repealed the latter section.   Section 110 provided that "all corporations, companies or associations not incorporated under the laws of this State, engaged in any city in effecting fire insurance, shall pay to the treasurer the sum of two dollars upon the $100 of the net receipts by

their agency in such city," etc. It was not considered by the court in that case that this section came within the scope of the proviso contained in section 30 of the law of 1879, because the writer of the opinion then said: "The proviso contained in section 30 of the act of 1879 is not now before us for consideration." Section 110 provided for the payment of the charge therein provided for to the treasurer, and did not limit the use of it to the support of the fire department, while the proviso in section 30 of the act of 1879 does expressly so limit the use of the additional tax to license a charge on these foreign companies to "the support of the fire department of such city." The *James case* decides no more than that the provision of section 110 of the act of 1872 was for a "town" or "municipal license" other than that contained in the proviso of section 30 of the act of 1879.

We think the principle involved in this case was decided in the cases of *Walker* v. *City of Springfield*, 94 Ill. 364, and *Hartford Ins. Co.* v. *City of Peoria*, 156 id. 420. In the former of these cases the city of Springfield, pursuant to its charter, passed an ordinance alike in all essential respects to the ordinance passed by the city of Chicago under the act of 1895, and differing from section 110 of the act of 1872 in that it set aside the amount to be collected for the support and maintenance of the fire department of the city. The ordinance was held valid. The case of *Hartford Ins. Co.* v. *City of Peoria, supra,* is to the same effect. We think the ordinance passed by the city of Chicago under the act of 1895 similar in its effect to the ordinances referred to in these cases, and not inconsistent or in conflict with the act of 1879. No good purpose would be served by repeating the reasoning in those cases by which the conclusion was there reached. We think them decisive of the question here involved.

The decree of the Superior Court is erroneous and will be reversed.                           *Decree reversed.*