## J. R. Conard v. Charles Crowdson.

1. CONSTRUCTION—*Of Statutes.*—In the construction of remedial statutes the judicial eye is always " kept single " to the legislative intent, and the evil sought to be obviated; the language of such a statute should be so construed as to promote the remedy, and whenever the words employed in any particular section are inconsistent with the intention of the act they must be rejected as surplusage. A statute must be construed according to its true intent and its strict letter must yield to such intent.

2. CONTAGIOUS DISEASES—*Right of Action at Common Law Against Party Causing Spread of, Not Superseded by Statute.*—The right of action afforded by the common law has not been superseded by the act to prevent the spread of contagious and infectious diseases among swine,

and the remedy furnished by the statute must be considered cumulative rather than as a substitute, and whenever a statute has that effect only, it is optional with the plaintiff to resort to the one or the other.

3. SAME—*Act to Prevent Spread of, Among Swine, Construed.*—In a civil action to recover damages for a violation of the act to prevent the spread of contagious and infectious diseases among swine, it is not necessary to allege or prove that the defendant has been convicted in a criminal prosecution for a violation of the act.

**Trespass,** to recover damages for a violation of the act to prevent the spread of contagious and infectious diseases among swine. Error to the County Court of Moultrie County; the Hon. ISAAC HUDSON, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded. Opinion filed June 3, 1898.

JOHN V. BURNS and FRANK SPITLER, attorneys for plaintiff in error.

Statutes must be construed according to the true intent and meaning, and not always according to the letter. A thing within the intention is within the statute though not within the letter, and a thing within the letter is not within the statute, unless within the intention. Perry County v. Jefferson County, 94 Ill. 220; Walker v. City of Springfield, 94 Ill. 371; People v. Hoffman, 97 Ill. 234.

A statute is to be construed according to its true intent and purpose, and its strict letter must yield to its obvious intent. Words which are inconsistent with the intention otherwise plainly expressed, may be rejected as redundant or surplusage; and whenever any particular construction would lead to an absurd consequence, it will be presumed that some exception or qualification was intended by the legislature. Perry County v. Jefferson County, 94 Ill. 220; People v. English, 139 Ill. 622; Plummer v. Yost, 144 Ill. 72; People v. City of Chicago, 152 Ill. 546.

For the purposes of the civil remedy given by this act, the word "convicted" in section 4 of the statute in question means "guilty." Or, it may be more accurate to say that the words, "any person convicted of a violation" in said section 4 mean "any person violating." For, in the construction of a statute, courts are not confined to the words used, but may regard the purpose, and when necessary to

give effect to the meaning of the law, words may be rejected and others substituted. Anderson v. Chicago, B. & Q. R. R. Co., 117 Ill. 26; Peoria & P. U. Ry. Co. v. People, 144 Ill. 458; People v. City of Chicago, 152 Ill. 546.

In construing a remedial statute its language should be so interpreted as to promote the remedy. A new statute is to be so construed as to promote the remedy sought by its enactment, and to do away with the evil which is sought to be obviated. Bowles v. Keator, 47 Ill. App. 98; McNulta v. Lockridge, 137 Ill. 270.

J. R. & WALTER EDEN, attorneys for defendant in error.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was a suit by plaintiff in error to recover damages for the alleged violation of sections 2 and 3 of an act entitled, "An act to prevent the spread of contagious and infectious diseases among swine," in force July 1, 1895.

The following is a copy of the first count of the amended declaration :

" STATE OF ILLINOIS, } ss.    In the County Court, January
  Moultrie County,  }          Term, A. D. 1897.

J. R. Conard, plaintiff in this suit, by Frank Spitler and John V. Burns, his attorneys, complains of Charles W. Crowdson, defendant, of a plea of trespass : For that whereas the defendant, on the 9th day of November, A. D. 1896, at the county of Moultrie aforesaid, was the owner and in charge of a certain herd of swine infected with a contagious disease among them, which disease is known as the hog cholera, of which the said defendant had knowledge and well knew that the said herd of swine was so diseased with the said contagion or infection; and that thereby and by force of the statute in such case made, it became and was the duty of the defendant to use all reasonable means to prevent the spread of the same. Yet the plaintiff in fact says that the defendant, contrary to the form of the statute in such case, and not regarding his duty in that behalf, on the date and at the place aforesaid, did not use all reasonable

means to prevent the spread of said contagious or infectious disease, agreeably to section 2 of an act of the General Assembly of said State entitled, " An act to prevent the spread of contagious or infectious diseases among swine," approved June 21, 1895, and in force July 1, 1895, but on the contrary, in disregard of his said duty and in violation of sections 2 and 3 of the said act, the defendant conveyed the said herd of swine, having the aforesaid contagious or infectious disease among them, along and upon a certain public highway to the city of Sullivan, in said county, and did there wrongfully and deceitfully procure the public sale of the same by a certain constable of said county (who held no execution or other process at law for that purpose and), who was accustomed to cry sales under and by virtue of executions, and who frequently held such public sales therein. And plaintiff avers that the defendant did then and there procure the said constable to bid off and sell said herd of diseased swine at public sale within said city, to divers innocent purchasers of the said diseased animals, who bought there divers ones of the said swine, so infected with the said contagious ailment, without any knowledge on their part that the said swine were so infected with said disease and without any reasonable grounds on their part to suspect the existence of the same, within the said herd of swine. And plaintiff further in fact says, that the said innocent purchasers of the said several swine at said public sale, conveyed the same to their several premises where the said innocent purchasers resided and there kept the said swine. And plaintiff avers that by reason of the aforesaid unlawful and wrongful acts of the defendant in causing the public sale of the said diseased swine to innocent purchasers, and thereby causing the distribution of the same to divers premises of the said purchasers, the said defendant unlawfully caused the spread of said disease to various and divers localities at and within the said county. And plaintiff does also aver that divers ones of the said herd of the defendant were there bought by a certain innocent purchaser, who was an adjoining and close neighbor of the plaintiff, and were by said purchaser,

without any knowledge upon his part, or any reasonable grounds to suspect the existence among said swine of the said contagious or infectious disease, conveyed by the said purchaser to his premises adjoining and abutting upon the premises of the plaintiff, and there kept by said purchaser; and that thereby and by reason of the aforesaid unlawful and wrongful acts of the defendant and by reason of the violation of said sections 2 and 3 of the said act by the defendant, the said disease was communicated to and spread among a large herd of swine of the plaintiff of great value, to wit, of the value of three hundred dollars, whereby the said swine of the plaintiff became infected with said contagion, and diseased and wholly worthless, and thereby died and were wholly lost to the plaintiff; and by reason thereof the premises of the plaintiff became infected and tainted with said contagious disease, to the great damage of the plaintiff; and the plaintiff by force of the statute was obliged to and did perform great labor of the value of one hundred dollars, in burying the swine of the plaintiff which died with the said disease, whereby the plaintiff has also suffered damage.

Wherefore the plaintiff says that he is injured and has sustained damages to the amount of four hundred dollars, and therefore he brings his suit," etc.

The second count is substantially like the first, except that it does not allege that the swine at the time they were exposed for sale were infected with disease.

The court sustained a demurrer to both counts. Plaintiff in error elected to stand by his demurrer, and the court rendered judgment against him for costs.

The court properly sustained a demurrer to the second count, for the reason that it contains no direct allegation that the swine in charge of defendant in error were infected with a contagious disease. The nearest approach to such an allegation is the one that he had reason to suspect that they were so infected.

The sections of the above mentioned act which are involved in this controversy are the last three. They read as follows:

"Sec. 2. It shall be the duty of the owner or person having charge of any swine, and having knowledge of, or reasonable grounds to suspect the existence among them of the disease known as 'hog cholera,' or any contagious or infectious disease, to use all reasonable means to prevent the spread of the same, and upon its coming to his knowledge that any such swine has died of, or been slaughtered on account of any such disease, to immediately burn or bury the same to the depth of two feet.

Sec. 3. No person shall convey upon or along any public highway or other public grounds, or any private lands, any diseased swine, or swine known to have died of, or been slaughtered on account of any contagious or infectious disease.

Sec. 4. Any person convicted of a violation of sections two (2) or three (3) of this act shall be fined in any sum not less than five (5) nor more than fifty (50) dollars, and shall be held liable in damages to the person or persons who may have suffered loss on account of such violation."

The only substantial question submitted for our decision is whether the first count of the declaration is bad for the reason that it does not allege that the defendant has been convicted in a criminal prosecution for a violation of the act. It is asserted, and not denied, that it was the only question presented in the court below. Several other objections are here urged to the count, but as they are objections which can be taken advantage of by assigning special grounds of demurrer only, and the demurrer filed is general, we are relieved from discussing them. We shall, therefore, confine this opinion to a discussion of the contention of appellee that before a party can be made liable in a civil action in a case like this one, he must be convicted in a criminal prosecution.

The count shows a good cause of action at common law. The right of action afforded by the common law for the matter complained of against the defendant has not been superseded by the statute in question. The remedy furnished by the statute must be considered as cumulative rather than as a substitute, and wherever a statute has that effect only, it is optional with the plaintiff to resort to the

one or the other. If we reject and treat as surplusage all reference to the statute contained in the count, we have a good declaration at common law.

We do not hesitate to say, however, that we regard the count as good under the statute. In the construction of remedial statutes the judicial eye is always "kept single" to the legislative intent, and the evil ought to be obviated.

The evident purpose of the legislature in the enactment of this statute was to confer upon all persons suffering from the wrongful spread of hog cholera a new remedy, and to check the evil by subjecting the wrong-doer to a criminal prosecution. While the language employed in section 4 may be regarded as somewhat unfortunate, we can not think that it was contemplated by it that before an injured party could invoke the aid of his civil remedy the offender must first be convicted under an indictment. The law casts the duty of the prosecution for violations of the criminal law upon the state's attorney, and so jealous is it of the rights of one charged, that before a conviction can be had the state's attorney must show his guilt beyond all reasonable doubt. We can not believe that when the legislature conferred this new remedy it intended to defer the injured party's right to invoke it to a time subsequent to the conviction of the wrong-doer by the state's attorney, and that it should be limited to such cases as can be proven beyond a reasonable doubt.

It is a familiar canon of construction that the language of a remedial statute should be so interpreted as to promote the remedy. Whenever the words employed in any particular section are inconsistent with the intention of the act they must be rejected as surplusage. A statute must be construed according to its true intent, and its strict letter yield to such intent. Perry County v. Jefferson County, 94 Ill. 214; Walker v. City of Springfield, 94 Ill. 364; The People v. English, 139 Ill. 622; The People v. City of Chicago, 152 Ill. 546.

The court erred in sustaining a demurrer to the first count of the declaration. The judgment will be reversed and the cause remanded.