## CONTINENTAL ASSURANCE CO. v. TENNESSEE.

No. 117.   Decided October 21, 1940.

Messrs. *Charles C. Trabue, Jr.* and *William P. Smith* were on the brief for appellant.

Messrs. *Roy H. Beeler*, Attorney General of Tennessee, and *Nat Tipton* were on the brief for appellee.

**6**

PER CURIAM.

The State of Tennessee brought this suit to enforce payment of privilege taxes measured by premiums on policies of insurance issued while appellant was doing business within the State, but upon which the premiums were paid after its withdrawal from the State. Appellant contended that since its withdrawal it had transacted no business within the State; that the policyholders there had mailed their premiums on unmatured policies to the home office of appellant in another State; and that to hold it liable for the taxes demanded would deprive it of its property in violation of the Fourteenth Amendment of the Constitution of the United States.

The Supreme Court of Tennessee sustained the tax. It construed the statutory provisions to mean "that the tax is levied upon the right to do business in the state, measured by a percentage of annual premiums to the exclusion of all other taxes, the tax on the annual premiums to be paid throughout the life of policies issued"; that though "measured by two and a half per cent of premiums received on policies issued by the company while exercising its license from the state, the tax was levied upon the privilege of entering the state and engaging in the insurance business, and not upon the annual premiums"; and that the appellant "by its compliance with the statute adopted and agreed to the construction we have given it; and cannot now repudiate its provisions." 137 S. W. 2d 277.

This construction of the statute distinguishes the case from that of *Provident Savings & Life Assurance Society* v. *Kentucky,* 239 U. S. 103. There the question under the statute, as it had been construed by the state court, was whether the insurance company continued to do business within the State for the period under consideration, despite the fact that it had withdrawn from the State, merely because of the receipt of premiums after withdrawal. The

tax was not laid upon the privilege of doing business during the period that the company was actually within the State, the tax on that privilege being measured by the premiums received during the life of the policies. *Id.*, pp. 110, 111. The Supreme Court of Tennessee emphasized the point of this distinction in its opinion on rehearing. 138 S. W. 2d 447. Compare *State* v. *Insurance Company*, 106 Tenn. 282, 333–335; 61 S. W. 75.

The appeal is dismissed for the want of a substantial federal question.

*Dismissed.*