INSURANCE COMPANIES — EXEMPTION FROM GROSS PREMIUM TAX The exemption of domestic insurance companies from the payment of the gross premium tax required of foreign insurers by 36 O.S. 624 [36-624] (1971) is not unconstitutional as a discriminatory tariff on goods and services between the states. The Attorney General has considered your request for opinion wherein you ask, in effect, whether the exemption of domestic insurance companies from the payment of a premium tax is not unconstitutional as a discriminatory tariff on goods and services between the states. We assume that the constitutional question you raise is the application of the equal protection clause under the federal and state constitutions to 36 O.S. 624 [36-624], Oklahoma Statutes. Article XIX, Section 1 and Section 2
of the Oklahoma Constitution provide the basis for the collection of fees from and the license required of foreign insurance companies. Section 1 provides: "No foreign insurance company shall be granted a license or permitted to do business in this State until it shall have complied with the laws of the State, including the deposit of such collateral or indemnity for the protection of its patrons within this State as may be prescribed by law, and shall agree to pay all such taxes and fees as may at any time be imposed by law or act of the Legislature, on foreign insurance companies, and a refusal to pay such taxes or fees shall work a forfeiture of such license." Section 2 provides in pertinent part: ". . . Until otherwise provided by law, domestic companies excepted, each insurance company, including surety and bond companies, doing business in this State, shall pay an annual tax on two per centum on all premiums collected in the State after all cancellations are deducted, and a tax of three dollars ($3.00) on each local agent." The Oklahoma Legislature enacted legislation in 1909 vitalizing the above constitutional provisions. Chapter 1, Article I, Section 22 O.S.L. 1909. That legislation was amended in 1941, effectively increasing the annual gross premiums tax from two percent to four percent and the law, as amended, was then codified at 36 O.S. 104 [36-104] (1941). By later legislative enactment, the law requiring foreign insurers to pay an annual tax on all premiums received on business written within the State was recodified at 36 O.S. 624 [36-624] (1971). In the case of New York Life Insurance Company v. Board of County Commissioners of Oklahoma County, 155 Okl. 247, 249, (1932), 9 P.2d 936, 938, 939,944, 82 A.L.R. 1425, the State Supreme Court held the gross premiums tax was not a tax in a constitutional sense, but was a license fee or privilege tax for the privilege of doing business in the State. In arriving at its decision, the Court quoted from numerous treatises as follows: "Another phase of the general question of statutory regulation of insurance companies which has received considerable attention at the hands of legislative bodies is that relating to taxation of such companies, it having been held that they may be subject to the payment of a license tax or fee, a franchise tax, or an excise or income tax, as well as a tax upon corporate property proper." Cyclopedia of Insurance Law, Couch, Vol. I, p. 528. "A tax on gross premiums of insurance is a tax upon the receipts of money or its representative in notes and bills, and not on property or any article of commerce; it touches only a fund in the treasury of the company. * * * A tax law imposing a percentage on premiums of a foreign insurance company is a tax on the business, and not repugnant to the federal Constitution. * * * Percentage on the income or receipts, by agents of foreign insurance companies, imposed for the privilege of carrying on their business, is not a tax within a constitutional sense." Desty, American Law Taxation, p. 229, citing Lovingston v. Board of Trustees, 99 Ill. 572; Illinois Mutual Fire Ins. Co. v. Peoria, 29 Ill. 180; Ducat v. Chicago, 48 Ill. 172; Walker v. Springfield, 94 Ill. 364. The precise question you now pose was heretofore the subject of an opinion by the United States Tenth Circuit Court of Appeals. In Great Northern Life Insurance Co. v. Read, 136 F.2d 44, 46, reversed on other grounds, 64 S.Ct. 873, 322 U.S. 47,88 L.Ed. 1121, the Court stated: "The power of a state to exact a gross premiums tax from a foreign insurance company for the privilege of doing business in the State is well settled. Citing from footnote: Philadelphia Fire Ass'n. v. People of State of New York, 119 U.S. 110, 119,7 S.Ct. 108, 30 L.Ed. 342; Pittsburg Life and Trust Co. v. Young, 172 N.C. 470, 90 S.E. 568, 570, 571; Massachusetts Bonding and Ins. Co. v. Chorn, 274 Mo. 15, 201 S.W. 1122,1123-1125; Equitable Life Assur. Soc. of United States v. Commonwealth of Pennsylvania, 238 U.S. 143, 35 S.Ct. 829,59 L.Ed. 1239; Commonwealth v. Equitable Life Assur. Soc. of United States, 239 Pa. 288, 86 A. 787; State v. Continental Assur. Co. 176 Tenn. 1, 137 S.W.2d 277,138 S.W.2d 447; Continental Assur. Co. v. State of Tennessee,311 U.S. 5, 61 S.Ct. 1, 85 L.Ed. 5. The Tenth Circuit Court of Appeals specifically held in Great Northern that the Oklahoma statute imposing a gross premium tax on foreign insurance companies for the privilege of doing business within the State does not violate the Fourteenth Amendment, though no gross premiums tax is exacted from domestic insurance companies. From the above authorities, it is clear that a state may exact a gross premiums tax from a foreign insurance company for the privilege of doing business within the State. It is, therefore, the opinion of the Attorney General that the exemption of domestic insurance companies from the payment of the gross premium tax required of foreign insurers by 36 O.S. 624 [36-624] (1971) is not unconstitutional as a discriminatory tariff on goods and services between the states. (WM. DON KISER) (ksg)